IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALONZO HODGES,                )
                              )
        Plaintiff,            )   Civil Action No. 05-369J
                              )
    v.                        )   Judge Lancaster
                              )   Magistrate Judge Caiazza
RAYMOND SOBINA, et al.,       )
                              )
        Defendants.           )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Defendants' Motion for Summary Judgment be granted.

### II. REPORT

Alonzo Hodges ("Hodges" or "the Plaintiff"), is a state prisoner incarcerated at the State Correctional Institution at Fayette, located in LaBelle, Pennsylvania. He proceeds *in forma pauperis*. The Defendants have filed a Motion for Summary Judgment (Doc. 48) and Hodges has responded. (Doc. 54). In his response, Hodges clarifies the three claims he raises in this case:

1.  Defendants moved me, in retaliation for the grievances and lawsuit I filed, to a [prison] block I had a separation on which caused me to be viciously attacked [by another inmate];

2.  Defendants obstructed my ability to properly appeal my AC status by "losing" my appeal papers; and

3.  Defendants obstructed my ability to perfect my

> petition and caused my lawsuit [at Civil Action No. 01-272J] to be dismissed.

(Doc. 54 at 2). Hodges states that he has "no idea where [the Defendants] have asserted the claims . . . put forth in [the summary judgment motion]". (Id., at 1). He explains that any other allegations in his Complaint are for background purposes only, i.e., to establish ill will and motive for the alleged retaliation. The Court will address only those claims referenced by Hodges.

A. **The Legal Standard**

Hodges asserts liability against the Defendants pursuant to the provisions of 42 U.S.C. § 1983. To state a claim under Section 1983, Hodges must satisfy two threshold requirements. He must show: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-331 (1986).

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is appropriate if, drawing all inferences in favor of the non-moving party, the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of

material fact and the movant is entitled to judgment as a matter of law. Hodges' burden in response to a well-pleaded motion for summary judgment is to present "specific facts showing that there is a *genuine issue for trial* . . . or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law." <u>Matsushita Elec. Ind. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986)(internal citation and quotation omitted, emphasis added).

**B.    The Analysis**

    1. The Retaliation Claim

Hodges alleges that he was transferred from AB-Block to J-Block on October 7, 2003, as a means of retaliating against him for filing grievances. Immediately upon his transfer to J-Block, and -ironically- while completing a grievance form, Hodges was assaulted by inmate Molina. Hodges asserts that the Defendants were, or should have been, aware that Molina and Hodges had a confrontation on J-Block on June 9, 2003. He alleges that the assault by Molina was part of a planned retaliation.

"Retaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution actionable under section 1983." <u>See</u> <u>White v. Napoleon</u>, 897 F.2d 103, 111-12 (3d Cir.1990). However, to state a *prima facie* case of retaliation, a prisoner must demonstrate that:

> 1) the conduct in which he was engaged was constitutionally protected; 2) he suffered adverse action **at the hands of prison officials**; and 3) **his constitutionally protected conduct was a substantial or motivating factor in the decisions to discipline him**.

Carter v. McGrady, 292 F.3d 152, 157-58 (3d Cir. 2002)(internal citation and quotation omitted)(emphasis added). Once a prisoner has demonstrated that the constitutional right he/she exercised was a substantial or motivating factor in the challenged decision, the prison officials may nevertheless prevail by proving that they would have made the same decision, absent the protected conduct, for reasons reasonably related to a legitimate penological interest. Rauser v. Horn, 241 F.3d 330, 334 (3d Cir. 2001).

Defendant David A. Hunter is the Unit Manager for AB-Block. On October 30, 2003, he responded to Hodges' grievance alleging that the transfer back to J-Block was retaliatory (Doc. 48, Ex. 1, at 10). Hunter recounted Hodges' repeated complaints with respect to his cell assignments while in AB-Block, and noted that the potential move back to J-Block was discussed with Hodges twice prior to the move, and that Hodges expressed no complaint. Hunter states that the issue between Hodges and inmate Molina was "unknown to [Hunter] or other unit staff." (Id.). Further, in response to interrogatories, all named Defendants deny that they had any knowledge of a prior confrontation between Molina and Hodges (Doc. 48, Exs. 1 and 2).

Hodges, in order to make out a prima facie case, must present evidence from which a fact finder could conclude that the grievances he filed were a motivating factor in the decision to transfer him **and** that the assault by Molina was part of the planned retaliation. Under the facts of this case, the assault, parenthetically, is the alleged "adverse action". Hodges points to two June 9, 2003 Misconduct Reports issued by C.O. Berchick, who is not a named Defendant. The first Misconduct recounts an incident in which Molina and Hodges had a verbal confrontation on J-Block, resulting in Molina chasing Hodges, who retreated to his cell and locked the door (Doc. 54, Ex. 1). A second Misconduct was issued to Molina when, a few minutes later, he made repeated verbal threats to harm Hodges (Doc. 54, Ex. 1). Molina was found guilty of both misconducts and was given time in Disciplinary Custody for the June 9, 2003 incidents on J-Block. Hodges was subsequently moved to AB-Block, but, as set out above, continually complained concerning his cell assignments there.

Hodges has clearly established that inmate Molina had reason to dislike him. What Hodges has not established, however, is that the ultimate assault was the motivating factor behind the Defendants' decision to move the Plaintiff from AB-Block. Hodges has presented no evidence showing that the persons involved in the transfer, *i.e.*, Defendant Hunter or other personnel on AB-Block, had any knowledge of the prior incident with Molina, or

that they had any reason to suspect that Hodges was in danger of physical harm -should he be returned to J-Block.

Significantly, Hodges does not claim that he informed any named Defendant that a transfer would expose him to danger. The record shows that the only complaint Hodges made prior to the move was to "Sgt. Shaulis" on October 7, 2003; no complaints were made to any named Defendant (Doc. 54, at 6). In sum, Hodges has failed to present any evidence establishing that the named Defendants were aware that he might be exposed to an assault if he was transferred to J-Block.

Finally, the record clearly establishes that the reason for Hodges' transfer to J-Block was the result of the constant discontent he expressed because of his cell assignments on AB-Block. That said, the evidence clearly shows that the Defendants would have transferred Hodges, even absent the alleged animus that may have arisen among the Defendants because of the grievances filed by Hodges.

2. <u>Failure to Protect Claim</u>

Hodges raises an Eighth Amendment claim premised upon the same factual allegations, *i.e.*, that he was sent back to J-Block and exposed to an assault by inmate Molina. With respect to this claim, an inmate has the burden to show that a prison official had "know[n] of and disregard[ed] an excessive risk to inmate health or safety." <u>Beers-Capitol v. Whetzel</u>, 256 F.3d 120, 133

(3d Cir.2001)(citing <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994)).

The Third Circuit Court further held that the knowledge requirement is subjective, "meaning that the official must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware." <u>Id</u>.; see also <u>Hamilton v. Leavy</u>, 117 F.3d 742 (3d Cir.1997). In order to survive the Defendants' summary judgment motion, Hodges must produce sufficient evidence supporting the inference that the Defendants "knowingly and unreasonably disregarded an objectively intolerable risk of harm." <u>Beers-Capitol</u>, 256 F.3d at 132 (internal citation and quotation omitted). It is insufficient to assert that a Defendant should have recognized the risk; the evidence must be sufficient to support the inference that "the defendant must have recognized the excessive risk and ignored it." <u>Id</u>. at 138. The Court has already determined that Hodges failed to present evidence showing that any named Defendant was aware of his prior confrontation with inmate Molina. Furthermore, a prior verbal confrontation with another inmate four months earlier is not the type of information, even if known to the Defendants, that would support a finding that they were deliberately indifferent to an "objectively intolerable risk of harm."

### 3. The Obstruction of Hodges' AC Status Appeal

Hodges argues that he was attempting to appeal his administrative custody status in October, 2003, and that he sent his appeal papers with respect to Administrative Custody Report No. A589490 to be copied. These papers were held, he alleges, until after his five day period for appealing his administrative custody status had expired. He filed a grievance, but withdrew it when he was provided with copies.

Although Hodges alleges that the copies were not provided to him in a timely manner, he does not claim that his attempt to pursue his administrative appeal was prejudiced. To the contrary, attached to the Amended Complaint is the full administrative appeal with respect to Administrative Custody Report No. A589490 showing that the appeal was denied on its merits on final review in December, 2003 (Doc. 30, Ex. 7, at 26), and on appeal to the Superintendent in January, 2004 (Doc. 30, Ex. 7, at 23).

### 4. Access to the Courts

Hodges has a constitutional right of access to the courts, but he must either attack his conviction, or claim that he has suffered a civil rights violation. That said, Hodges is under an affirmative duty to identify the underlying basis of the action which he alleges was impeded. Lewis v. Casey, 518 U.S. 343, 354 (1996); Christopher v. Harbury, 536 U.S. 403, 415-17 (2002). Hodges asserts only that his attempts to appeal the dismissal of

a prior lawsuit, Civil Action No. 01-272J, were impeded by a two week delay in obtaining his legal property, a lack of adequate research time and materials for binding and copying, which resulted in Hodges sending the Court of Appeals "a petition I had submitted at an earlier date . . . ." He also alleges that being in the Restricted Housing Unit "presented another obstacle to properly litigate my case" (Doc. 54, 8); he does otherwise explain the manner in which his appeal was impeded.

In Christopher, the Supreme Court explicitly held that a plaintiff must identify a **non-frivolous claim** which was **actually impacted** by the complained-of activity in order to state a claim. "Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." Chrostopher, 536 U.S. at 416.

Here, Hodges must specifically detail the manner in which these "obstacles" actually caused the loss or rejection of a legal claim. See, Oliver v. Fauver, 118 F.3d 175, 177 (3d Cir. 1997)(no "actual injury" where court actually received prisoner's correspondence and considered his arguments).

Hodges' claim necessarily fails because he has not identified a non-frivolous claim which he was prevented from presenting due to the Defendants' actions. Although Hodges alleges generally that his means of appealing was obstructed, he

admits that he filed a brief in the Court of Appeals. Furthermore, Hodges does not identify any argument he could have made, but did not make, as a result of the alleged "obstacles" placed in his way. Stated differently, Hodges fails to identify the manner in which he suffered actual prejudice resulting from the alleged acts of the Defendants.

In fact, a review of the record indicates that Hodges' prior lawsuit was dismissed not because of any failure on Hodges' part to file pleadings or to present relevant argument. Instead, the complaint was dismissed because Hodges failed to state a claim upon which relief could be granted. Consequently, the record of the prior lawsuit defeats Hodges' claim.

### III. CONCLUSION

For the reasons set out in this Report, it is respectfully recommended that the Defendant's Motion for Summary Judgment (Doc. 48), be granted.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by August 30, 2007.

August 14, 2007

*Francis X. Caiazza*
Francis X. Caiazza
United States Magistrate Judge

cc:
ALONZO HODGES
DA-2951
SCI Fayette
P.O.Box 9999
LaBelle, PA 15450-0999